UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HAPPY'S PIZZA FRANCHISE, LLC,**
**and HAPPY'S PIZZA #13, INC.,**

       **Plaintiffs,**                       CIVIL ACTION NO. 10-CV-15174

VS.                                       DISTRICT JUDGE MARIANNE O. BATTANI

**PAPA'S PIZZA, INC., a Michigan**       MAGISTRATE JUDGE MONA K. MAJZOUB
**corporation and PHIL ALMAKI,**
**an individual,**

       **Defendants.**
       _____/

## ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES (DOCKET NO. 23)

This matter comes before the Court on Plaintiffs' Motion to Compel Initial Disclosures. (Docket no. 23). The Court ordered Defendants to file a response to the motion by March 12, 2012. (Docket no. 25). Defendants failed to file a response. Instead, Defendants filed a proof of service showing that they served their initial Rule 26(a)(1) disclosures on Plaintiffs on March 12, 2012. (Docket no. 26). The Court subsequently struck Defendants' proof of service. The parties filed a Joint Statement of Resolved and Unresolved Issues on March 30, 2012. (Docket no. 27). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 24). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motion.

It is undisputed that the parties were to submit their Rule 26(a)(1) disclosures by February 12, 2012. (Docket nos. 22, 27). It is also undisputed that Defendants did not submit their initial disclosures until March 12, 2012, after Plaintiffs filed the instant motion. As a result, Plaintiffs

1

move for sanctions in the form of an order precluding Defendants from using information or calling witnesses identified in their initial disclosures. Plaintiffs also request an award of reasonable expenses, including attorneys' fees, caused by the failure to disclose.

Federal Rule of Civil Procedure 37 states that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). "If the motion is granted - or if the disclosure ... is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Reasonable expenses should not be awarded if: (a) the moving party filed the motion without first making a good faith effort to obtain the disclosure or discovery without court intervention, (b) the party's nondisclosure was substantially justified, or (c) circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). If a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

The Court has reviewed the record, Plaintiffs' brief, and the parties' Joint Statement and is satisfied that Defendants' one month delay in submitting its Rule 26(a) disclosures was harmless in this case. Accordingly the Court will deny Plaintiffs' request to preclude Defendants from relying on information or witnesses identified in their initial disclosures.

Plaintiffs next request costs and attorneys' fees and estimate that they incurred approximately $1,300 in attorneys' fees in bringing this motion (5 hours at $195/hour, 1.1 hours at $295/hour). The Court is persuaded that Plaintiffs made a good faith effort to obtain Defendants' disclosures before

filing their motion. Defendants have not persuaded the Court that its nondisclosure was substantially justified or that an award of costs and fees is otherwise unjust. However, the Court finds that some of Plaintiff's hours expended in connection with the motion are unreasonable given the lack of complexity of the motion. Accordingly, the Court will grant Plaintiffs' request for an award of reasonable costs and attorneys' fees but will reduce the total hours expended on the motion to one and one half hour at a rate of $195/hour for a total award of $292.50.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Initial Disclosures (docket no. 23) is **GRANTED IN PART**. Plaintiffs are awarded reasonable costs and attorneys' fees in the amount of $292.50 pursuant to Fed. R. Civ. P. 37 which Defendants shall remit to Plaintiffs on or before May 7, 2012. In all other respects Plaintiffs' motion is denied.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: April 25, 2012
s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: April 25, 2012
s/Lisa C. Bartlett
Case Manager