UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAPPY'S PIZZA FRANCHISE, LLC,
and HAPPY'S PIZZA #13, INC.,

       Plaintiffs,                     CIVIL ACTION NO. 10-CV-15174

VS.                                        DISTRICT JUDGE MARIANNE O. BATTANI

PAPA'S PIZZA, INC., a Michigan        MAGISTRATE JUDGE MONA K. MAJZOUB
Corporation and PHIL ALMAKI,
an individual,

       Defendants.
_____/

### ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS (DOCKET NO. 28)

This matter comes before the Court on Plaintiffs' motion to compel discovery responses. (Docket no. 28). The Court ordered Defendants to file a response to the motion by May 4, 2012. (Docket no. 30). Defendants failed to file a response. On September 14, 2012 the parties filed a Statement of Resolved and Unresolved Issues. (Docket no. 32). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 29). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motion.

Plaintiffs' served their First Requests for Production of Documents on Defendants on February 16, 2012, seeking responses to fifty-three document requests. (Docket no. 32, ex. 1). Pursuant to Federal Rule of Civil Procedure 34, Defendants' responses to these requests were due within thirty days after service of the requests, or by March 19, 2012. Fed. R. Civ. P. 34(b)(2)(A);

1

Fed. R. Civ. P. 6(a)(1)(C). Defendants served their responses and objections to the requests on May 21, 2012, long after they were due under the Federal Rules and after Plaintiffs had filed the instant motion to compel.

"As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." *Carfagno v. Jackson Nat'l Life Ins., Co.*, No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) (citations and internal quotation marks omitted). "[C]ourts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable." *Id.* Objections that are boilerplate in nature are tantamount to no objection at all. *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032 at *4 (W.D. Mich. Feb. 13, 2001) ("The court strongly condemns the practice of asserting boilerplate objections to every discovery request.").

Federal Rule of Civil Procedure 37 provides the party issuing discovery the means to file a motion to compel if the receiving party fails to respond within the allotted time frame. Fed. R. Civ. P. 37(a)(3)(B)(iv). If a court grants a motion to compel, or if the requested discovery is provided after the motion is filed, the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before filing the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 26 permits broad discovery in civil litigation, allowing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim

or defense." Fed. R. Civ. P. 26(b)(1). Plaintiffs maintain that their discovery requests are relevant to their claims of trade dress infringement, unfair competition, and breach of contract, and Defendants have not advanced any argument to persuade the Court otherwise. The Court finds that Defendants have not provided good cause for their late responses and objections to Plaintiffs' discovery requests. Furthermore, the Court finds that the vast majority of Defendants' untimely responses were either incomplete or were comprised of boilerplate objections. As previously indicated, when a party asserts boilerplate objections to discovery requests, it's as though they asserted no objection at all. Defendants have not shown that they will be prejudiced by waiving their objections.

For the reasons stated above, the Court finds that Defendants untimely responses and objections to Plaintiffs' First Requests for Production are insufficient. The Court will therefore grant Plaintiffs' motion to compel and will give Defendants until December 3, 2012 to produce documents responsive to Plaintiffs' discovery requests.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to compel (docket no. 28) is **GRANTED**. On or before December 3, 2012 Defendants must produce all documents not previously produced that are responsive to Plaintiffs' First Requests for Production. To the extent Defendants have produced documents responsive to the requests they must identify by Bates stamp number those documents already produced. If after reasonable effort, Defendants cannot locate any documents responsive to a particular request, Defendants must provide Plaintiffs with a sworn declaration describing with specificity the efforts they made to locate documents and declaring after making reasonable effort they cannot locate any documents within their possession, custody, or control that are responsive to the request.

**IT IS FURTHER ORDERED** that Plaintiffs' request for costs and attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED**. Within fourteen days of this order, Plaintiffs' counsel shall present their reasonable bill of fees for this matter to Defendants' counsel. Within seven days thereafter, defense counsel shall pay the amount, or should there be any objections, file the objections and the accompanying bill with the Court.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: November 6, 2012            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: November 6, 2012            s/ Lisa C. Bartlett
                                   Case Manager